# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

January 25, 2005

The Honorable Robert E. Talton
Chair, Urban Affairs Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0298

Re: Whether a Texas inmate violates the Texas forfeiture statute by selling his artwork on an Internet website (RQ-0252-GA)

Dear Representative Talton:

You ask whether an inmate who sells artwork on an Internet website thereby violates articles 59.01(7)(B) and 59.06(k)(2) of the Code of Criminal Procedure concerning the forfeiture of certain proceeds.[1] *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01(7)(B), 59.06(k)(2) (Vernon Supp. 2004-05). Your question was prompted by the situation of James V. Allridge III, who was convicted and sentenced to death for killing a clerk in a 1985 convenience store robbery. *See* Request Letter, *supra* note 1, at attachment.[2] During his incarceration, Allridge sold his original artwork on an Internet website for prices ranging from $10 for a box of greeting cards to $465 for a large print. *See* Horswell, *supra* note 2.

Chapter 59 of the Code of Criminal Procedure governs forfeiture of confiscated contraband. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01-.14 (Vernon Supp. 2004-05). Property that is contraband under the chapter is subject to seizure. *See id.* arts. 59.02(a), 59.03(a). If a district court determines after a hearing that property is contraband, the court may order property forfeited to the state. *See id.* art. 59.05(e). Forfeiture under the chapter is a civil proceeding, and to prevail the state must prove by a preponderance of the evidence that the property in question is contraband subject to forfeiture. *See id.* art. 59.05(a)-(b). Contraband subject to forfeiture includes property of any nature that is "the proceeds gained from the commission" of certain felonies or a crime of violence or is acquired with such proceeds. *Id.* art. 59.01(2)(A)-(D). The Code defines "proceeds" to include certain post-crime income:

---

[1] *See* Letter from Honorable Robert E. Talton, Chair, Urban Affairs Committee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (July 29, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] Allridge remained on death row for 17 years, until he was executed on August 26, 2004. Michael Graczyk, *Artist inmate executed in clerk's death / Last-day appeal for a stay is denied despite support from celebrities*, HOUSTON CHRONICLE, Aug. 27, 2004, *available at* 2004 WL 83662655; Cindy Horswell, *Victims advocate sees a test case in inmate's artwork / He says a law confiscating profits of 'murderabilia' should be enforced*, HOUSTON CHRONICLE, Aug. 2, 2004, *available at* 2004 WL 83654837 [hereinafter Horswell].

> (7) "Proceeds" includes income a person accused or convicted of a crime or the person's representative or assignee receives from:
>
> > (A) a movie, book, magazine article, tape recording, phonographic record, radio or television presentation, telephone service, electronic media format, including an Internet website, or live entertainment in which the crime was reenacted; or
> >
> > (B) the sale of tangible property the value of which is increased by the notoriety gained from the conviction of an offense by the person accused or convicted of the crime.

*Id.* art. 59.01(7)(A)-(B).

Your question focuses on article 59.01(7)(B), which provides for forfeiture of income from the sale of property having a certain notoriety value. In 2001, the legislature added article 59.01(7)(B) to the Code when it enacted Senate Bill 795. *See* Act of May 1, 2001, 77th Leg., R.S., ch. 124, § 1, 2001 Tex. Gen. Laws 277, 277. Senate Bill 795 also added article 59.06(k)(2) to the Code, which provides specially for the proceeds' disposition. *See id.* § 2, 2001 Tex. Gen. Laws at 277 (adding TEX. CODE CRIM. PROC. ANN. art. 59.06(k)(2)). Under article 59.06(k)(2), the attorney representing the state who administers forfeited property must transfer to the attorney general an amount that, in essence, represents the property's increase in value due to notoriety gained from the conviction of the person accused or convicted. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06(k)(2) (Vernon Supp. 2004-05).[3] The attorney representing the state must transfer "to the owner of the property" an amount representing the fair market value of similar property that does not have added notoriety value. *Id.*

---

[3]Article 59.06(k)(2) provides:

> The attorney for the state shall transfer to the attorney general all income from the sale of tangible property the value of which is increased by the notoriety gained from the conviction of an offense by the person accused or convicted of the crime, minus the deduction authorized by this subdivision. The attorney for the state shall determine the fair market value of property that is substantially similar to the property that was sold but that has not been increased in value by notoriety and deduct that amount from the proceeds of the sale. After transferring income to the attorney general, the attorney for the state shall transfer the remainder of the proceeds of the sale to the owner of the property. The attorney for the state, the attorney general, or a person who may be entitled to claim money from the escrow account described by Subdivision (3) in satisfaction of a claim may at any time bring an action to enjoin the waste of income described by this subdivision.

TEX. CODE CRIM. PROC. ANN. art. 59.06(k)(2) (Vernon Supp. 2004-05).

The attorney general deposits such transferred income into an escrow account where the funds are held for crime victims who obtain a judgment against the perpetrator for damages caused by the crime. *See id.* art. 59.06(k)(3). After five years, the attorney general transfers any amounts that have not been ordered paid to a specific victim to the "compensation to victims of crime fund." *Id.*

You ask whether Allridge's Internet sales "violate" Senate Bill 795. Request Letter, *supra* note 1, at 1. However, the term "violate" is not entirely appropriate in the context of chapter 59 forfeiture. A forfeiture proceeding under the Code is a civil, in rem action against property. *See Hardy v. State*, 102 S.W.3d 123, 126-27 (Tex. 2003). Forfeiture under the chapter is intended to be remedial. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02(e) (Vernon Supp. 2004-05). Strictly speaking, article 59.01(7)(B) does not proscribe conduct as a violation of law and does not prohibit Internet sales of an inmate's artwork. Rather, the article establishes a post-sale remedy, which is that sales proceeds may be forfeited as contraband under the Code. Consequently, the more pertinent question is whether income from Internet sales of an inmate's artwork could be proceeds subject to forfeiture under article 59.01(7)(B).

No court has construed article 59.01(7)(B), but its plain language suggests questions of fact or mixed questions of fact and law. The article authorizes forfeiture of certain proceeds that are "income a person accused or convicted of a crime or the person's representative or assignee receives from . . . the sale of tangible property the value of which is increased by the notoriety gained from the conviction of an offense by the person accused or convicted of the crime." *Id.* art. 59.01(7)(B). From the information you have provided, it seems likely that a finder of fact could conclude that a sale of tangible property has occurred and that Allridge attained a measure of notoriety. Article 59.01(7)(B) requires the state to establish that the value of property sold "is increased by the notoriety gained from the conviction of an offense by the person accused or convicted of the crime." *Id.* art. 59.01(7)(B). The value of property is inherently a fact question. *See Polk County v. Tenneco, Inc.*, 554 S.W.2d 918, 923 (Tex. 1977) (market value is a question of fact). Consequently, a forfeiture proceeding under article 59.01(7)(B) would require evidence that the value of the property was increased by notoriety gained from Allridge's conviction, among other things. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(7)(B) (Vernon Supp. 2004-05). Additionally, the attorney for the state would be required to transfer "to the owner of the property" the amount of proceeds representing the fair market value of similar property whose value has not increased due to notoriety. *Id.* art. 59.06(k)(2).

Fact questions cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that the opinion process does not determine facts). Consequently, the opinion process cannot resolve whether income from the sale of Mr. Allridge's artwork over the Internet is contraband pursuant to article 59.01(7)(B) of the Code and thus subject to forfeiture.

**S U M M A R Y**

Article 59.01(7)(B) of the Code of Criminal Procedure provides for forfeiture of certain income from "the sale of tangible property the value of which is increased by the notoriety gained from the conviction of an offense by the person accused or convicted of the crime." Tex. Code Crim. Proc. Ann. art. 59.01(7)(B) (Vernon Supp. 2004-05). Whether such income constitutes proceeds subject to forfeiture depends upon the resolution of fact questions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee